# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, MCCLURE, LYNWOOD, Reg. No. 41437-007, DCDC No. 321-209, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Assault With A Dangerous Weapon (Brick) and began serving that term of supervised release on 04/22/2026;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

CHARLES
MASSARONE

Digitally signed by CHARLES
MASSARONE
Date: 2026.05.26 13:12:11 -04'00'

U.S. Parole Commissioner

MCCLURE, LYNWOOD Reg. No. 41437-007 DCDC No. 321-209

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  **MCCLURE, LYNWOOD**                     Institution:  **Coleman I - USP**

Reg. No. **41437-007**                                DCDC No.  **321-209**

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of _____ ss:

Received this writ the _____ day of _____, 20_____, and executed same by arresting the within-named _____

this _____ day of _____, 20_____, at

_____ and committing him to _____

_____
U.S. Marshal

_____
Deputy Marshal

Further executed same by committing him to _____ at

_____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 90 K Street, N.E., 3rd Floor, Washington, D.C. 20530.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____

_____
*Prisoner's Signature*                                    *Date*
*(If prisoner refuses to sign, Marshal should so indicate.)*

MCCLURE, LYNWOOD Reg. No. 41437-007 DCDC No. 321-209

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name................................. **MCCLURE, LYNWOOD**

Reg. No............................. **41437-007**
DCDC No.......................... **321-209**
FBI No.............................. **570026TB8**
Birth Date......................... **06/10/1980**
Race...................................... **Black**

Date...................................... **05/26/2026**
Termination of Supervision.. **04/21/2029**
Violation Date....................... **04/24/2026**
Released............................... **04/22/2026**

Sentence Length............... **30 months, 3 years supervised release**
Original Offense............... **Assault With A Dangerous Weapon (Brick)**

### Probable Cause Hearing

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you will be given a probable cause hearing within five days of your arrest. Probable cause hearings, which are normally scheduled on Tuesdays and Fridays at the Central Detention Facility, are held to determine if there is probable cause to believe that you have violated a condition of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney. If you are unable to pay for such representation, an attorney will be appointed for you.

### Decisions After Revocation Hearing

After a revocation hearing, if you are found to have violated a condition of your release, the Commission may: (1) restore you to supervision, and, if appropriate, (a) issue a letter of reprimand; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center; or (2) revoke your parole, mandatory release, or supervised release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your supervised release, you will not receive credit toward service of your sentence for time spent on supervised release.

Revocation of parole or mandatory release may result in loss of credit for the time you spent on parole

MCCLURE, LYNWOOD Reg. No. 41437-007 DCDC No. 321-209

or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for more than one year, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for one year or less, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release, unless the Commission determines that forfeiture is not necessary to protect the public welfare.

**CHARGES:**

**Charge No. 1 - Failure to Report for Supervision.** The releasee failed to report for supervision after his release from incarceration on 04/22/2026 and the releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 05/15/2026 from supervising officer Julian Johnson. I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Required**                **Warrant Recommended By:**

**Adrian M. Ward, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  General Supervision - Team 19,

MCCLURE, LYNWOOD Reg. No. 41437-007 DCDC No. 321-209